28

**SMELSER et al.**

v.

**UNIVERSITY OF CINCINNATI.**

Court of Claims of Ohio.

No. 91–09677.

Decided Feb. 23, 1999.

*Michael A. Kennedy,* for plaintiffs.

*Betty D. Montgomery,* Attorney General and *John P. Reichley,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

In their complaint, plaintiffs, Claude I. and JoAnn Smelser, allege that defendant is liable for damages resulting from an automobile accident caused by defendant's employee. On June 12, 1997, defendant filed a stipulation of liability, admitting a breach of duty owed to plaintiffs, resulting in personal injury and damages. The sole issue before the court is the nature and extent of the damages that plaintiffs suffered as a direct and proximate result of defendant's negligence.

Due to connected actions filed in the Clermont County Court of Common Pleas on April 17, 1991, and in the United States District Court, Southern District of Ohio, on August 10, 1992, this case was stayed. On November 4, 1997, upon notification that the connected actions were no longer pending, the court lifted the stay and set this case for trial. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties.

On August 29, 1989, Claude Smelser's work vehicle was struck from behind by a university-owned vehicle driven by defendant's employee. Plaintiffs assert that defendant's vehicle was traveling at a speed of forty-five miles per hour at the time of impact. However, based on the physical evidence, the court finds that the speed at impact was substantially less than forty-five miles per hour. While the vehicles did not incur much damage and neither driver appeared to be injured at the time of the accident, plaintiffs allege that Claude Smelser sustained a disabling back injury thereof and is now unable to find gainful employment.

Defendant argues that the accident merely caused a temporary aggravation of a preexisting condition.

For thirty-three years, Claude Smelser performed hard labor that resulted in injuries to his back. In the early 1970s, he was hospitalized for a back injury. At this time, he was found to be exhibiting signs of degenerative disk disease. Specifically, he was developing disk spurs and osteoarthritis. Experts for both parties agree that this condition was caused by the hard labor that Smelser performed. In addition, he was involved in an accident that occurred two months prior to the current accident and for which he did not seek medical treatment.

Defendant argues that the August 29, 1989 accident at issue in this case merely strained Smelser's lower back and did not cause a permanent disability. Plaintiffs argue that the accident caused a disk herniation that resulted in permanent disability. The court finds that the August 29, 1989 accident was the proximate cause of an aggravation of a preexisting condition.

■ Smelser incurred medical expenses in the amount of $36,061.36. R.C. 2743.02(D) provides that recoveries against the state shall be reduced by the aggregate of insurance proceeds. Accordingly, since plaintiffs' health insurance paid for seventy percent of the medical expenses, plaintiffs are awarded damages for medical bills in the amount of $10,818.41.

■ Based on the totality of the evidence, the court finds that Smelser is entitled to lost wages and benefits through the age of sixty, at which time he would have completed a total of forty years with his employer. In cases that do not involve the Federal Employer's Liability Act, it is not proper to deduct income tax from damages. *Kaiser v. Ohio Bell Tel. Co.* (Aug. 27, 1981), Cuyahoga App. No. 43056, unreported, 1981 WL 4514. The court finds that Smelser is entitled to an award without a deduction for taxes. Accordingly, after deducting the total amount of benefits, the court finds that Smelser is entitled to a total of $150,271, before taxes, for lost wages and benefits.

■ The court also finds that Claude Smelser is entitled to past and future pain and suffering and loss of normal and usual activities in the amount of $35,000. The court further finds that JoAnn Smelser is entitled to payment for loss of consortium in the amount of $20,000.

In conclusion, judgment is rendered in favor of Claude and JoAnn Smelser in the amount of $196,089.41 and $20,000, respectively. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment accordingly.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.